# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 8882 | DATE | 10/8/2003 |
| CASE TITLE | | Johnson vs. Ford Motor Co | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant Ford Motor Company's motion to apply substantive law of Kentucky to the trial of this matter [25-1] is granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 09 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 36 |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED OCT 0 9 2003**

LANCELOT JOHNSON,  )
ROBERT JOHNSON,  )
and MARK WILLIAMS  )
 )
 Plaintiffs,  )
 )
v.  ) No: 01 C 8882
 )
FORD MOTOR COMPANY, INC.,  ) Judge John W. Darrah
and HERTZ CORPORATION, INC.  )
 )
 Defendants.  )

## MEMORANDUM OPINION AND ORDER

Now before the Court is a motion by the Defendants, Ford Motor Company, Inc. ("Ford") and Hertz Corporation, Inc. ("Hertz"), to apply the substantive law of Kentucky to the trial of this matter. For the foregoing reasons, that motion is granted in part and denied in part.

## BACKGROUND

In August, 2000, Larry Johnson, Sr. rented a 2000 Ford Excursion from a Hertz rental facility in Illinois. The Plaintiffs, Lancelot Johnson, Mark Robert Johnson, and Mark Williams, traveled with Larry Johnson, Sr. and Lynn Johnson to a conference in Florida.[1] On August 20, 2000, while returning from the conference, the Plaintiffs were injured in a single- vehicle rollover accident while Lynn Johnson was driving the Ford Excursion through Kentucky. When the accident occurred, one of the doors to the Excursion opened, and the

---

[1] Neither Larry Johnson, Sr. nor Lynn Johnson is a party to this action. Larry Johnson is allegedly a resident of Maryland; Lynn Johnson is allegedly a resident of Illinois.

1



Plaintiffs were ejected from the vehicle. Kentucky law enforcement and rescue personnel investigated and responded to the accident.

Plaintiffs allege the vehicle rolled over because a defective valve stem caused a tire to deflate. Specifically, Plaintiffs' allegations relate to the procedure for tire valve installation. In addition, while the vehicle was rolling, the Plaintiffs were thrown from the car when a defective latch allowed a door to open. Plaintiffs also allege negligence regarding the door latch design. Plaintiffs also raise issues of valve stem and door latch testing and response to notice of failure of these two components.

According to the Defendants, the Excursion rolled when the driver of the vehicle, Lynn Johnson, fell asleep behind the wheel. The Defendants answer that the Plaintiffs were not wearing seatbelts at the time of the accident. However, Johnson, the driver, was the only occupant awake at this time and has not been deposed and cannot be found. There is no record of any activity by the Plaintiffs other than at the time of the accident.

The Plaintiffs are all citizens of Illinois. Defendant Ford is incorporated in Delaware, has its principal place of business in Michigan, and does business throughout the United States, including Illinois. Hertz is incorporated in Delaware, has its principal place of business in New Jersey, and does business throughout the United States, including Illinois.

Ford designed the Excursion in Michigan and manufactured the vehicle in Kentucky. Ford shipped the car to Hertz in Oklahoma City, and the vehicle was then transferred to Illinois. Hertz owned and was responsible for maintaining the vehicle. The Excursion was part of Hertz's O'Hare Airport rental car fleet.

It must be first determined if there is a difference between the relevant law of the different states. *Barron v. Ford Motor Co. of Canada, Ltd.*, 965 F.2d 195, 197 (7th Cir. 1992). The Defendants cite four places where Illinois law and Kentucky law differ. First, Kentucky is a "several liability" state where fault is apportioned to each defendant based upon relative degree of fault. Ky. Rev. Stat. Ann. § 411.182(3); *Stratton v. Parker*, 793 S.W.2d 820 (Ky. 1990). Illinois, on the other hand, is a joint and several liability state, except where a defendant's liability is less than 25% of the total fault for the accident. 735 Ill. Comp. Stat. § 5/2-1117.

Second, Kentucky applies pure comparative negligence principles in product liability actions and requires that comparative fault shall reduce a plaintiff's recovery. Ky. Rev. Stat. Ann. § 411.182(1)-(2); *Hillen v. Hays*, 673 S.W.2d 713, 719 (Ky. 1984). Illinois applies a modified comparative fault system. 735 Ill. Comp. Stat. § 5/2-1116.

Third, Kentucky law apportions fault to tortfeasors that settle claims, even though they are not defendants in the action. *Floyd v. Carlisle Const. Co.*, 758 S.W.2d 430, 432 (Ky. 1988). "The apportionment only determines the percentage of the total damages for which [the settled tortfeasor] was actually responsible and for which he bought his peace. The [remaining defendants] are responsible for the remaining percentage of the damages, and the judgment against them will be limited to that amount." In Illinois, a settled tortfeasor's fault is not apportioned to the defendants in the action. *Freislinger v. Emro Propane Co.*, 99 F.3d 1412, 1419 (7th Cir. 1996) (citations omitted).

Finally, Kentucky law assesses comparative negligence to plaintiffs that fail to wear a seatbelt during an accident. If the defendants present competent and relevant evidence that the plaintiff failed to wear a seatbelt and that such fault was a substantial factor in enhancing or

3

contributing to the plaintiff's injuries, then the jury can appropriately reduce the plaintiff's award. *Wemyss v. Coleman*, 729 S.W.2d 174, 180 (1987). In Illinois, defendants may not present evidence that plaintiff failed to wear a seatbelt during an accident. 625 Ill. Comp. Stat. § 5/12-603.1(c); *Clarkson v. Wright*, 483 N.E. 2d 268, 270 (Ill. 1985).

## ANALYSIS

In a diversity action, a district court applies the choice-of-law principles of the state where it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Ruiz v. Blentech Corp.*, 89 F.3d 320, 323 (7th Cir. 1996). Illinois is governed by the choice-of-law principles in the Restatement (Second) of Conflicts of Law. *Ingersoll v. Klein*, 262 N.E.2d 593, 595 (Ill. 1970); *Accord Pittway Corp. v. Lockheed Aircraft Corp.*, 641 F.2d 524, 526 (7th Cir. 1981).

The Second Restatement provides that "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6."[2] Restatement (Second) of Conflict of Law ("Second Restatement") § 145(1).

Illinois choice of law, therefore, presumes that "the local law of the State where the injury occurred should determine the rights and liabilities of the parties, unless Illinois has a more significant relationship with the occurrence and with the parties, in which case the law of Illinois should apply." *Ingersoll*, 262 N.E.2d at 595. Section 145(2) lists the four key contacts that a

---

[2] The principles in Section 6 are: "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability, and uniformity of result, and (g) the ease in the determination and application of the law to be applied." Second Restatement § 6.

4

court must consider when applying the principles outlined in Section 6: (a) the place where the injury occurred; (b) the place the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. Second Restatement § 145.

The Second Restatement, and therefore Illinois, also follows the principle of *depecage*, which require the court to examine and analyze each issue involved under the applicable choice-of-law rules. If a court could determine that a different state's law applies to different issues in the case. *See, e.g., Ruiz*, 89 F.3d at 324.

*The Place Where the Injury Occurred*

While an injury may undisputedly occur in one state, "courts have recognized that the place of injury may be largely fortuitous; and, in such cases, the location of the injury is not given its usual weight in the choice of law analysis [sic]." *Martinez v. Smithway Motor Xpress, Inc.*, 2000 WL 1741910, at * 2 (N.D. Ill. Nov. 24, 2000) (Darrah, J.); *see also Pittway Corp.*, 641 F.2d at 528; *Miller v. Hayes*, 600 N.E.2d 34, 38 (Ill. App. Ct. 1992); *Schulze v. Illinois Highway Transp. Co.*, 423 N.E.2d 278, 280 (Ill. App. Ct. 1981). *But see Barron* 965 F.2d at 197-98 (7th Cir. 1992) (applying North Carolina law to a North Carolina accident that involved an Illinois citizen because she lived in North Carolina for four months before the accident).

When the place of injury is fortuitous, it is not significant when the legal issues concern rights of recovery. In *Schulze*, the court noted that when dealing with damages issues, "the place of the parties' domicile is of primary importance, for that is the State which presumably will feel the social and economic impact of recovery or nonrecovery." *Schulze*, 423 N.E.2d at 280. Similarly, in *Miller*, the court also gave less weight to the place of the accident, Colorado, and

5

gave more weight to the place where the parties' relationship was centered, Illinois. "We do not think that [the place of the accident] factor controls because the accident could have just as easily occurred in any one of the states decedent and defendant traveled through on their vacation trip." *Miller*, 600 N.E.2d at 38.

The Plaintiffs, here, were driving from Florida to Illinois. The accident could have occurred in any state in route, but it happened to take place in Kentucky. Therefore, little weight is given to the place of the accident and wrongful conduct and the operative conduct at that precise time.

The Defendants, as a further basis for the application of Kentucky law, allege that the vehicle, and thus the allegedly defective tire stem, was manufactured in Kentucky. However, this argument further highlights the fortuitous nature of the accident. It cannot be reasonably inferred that Ford chose to manufacture vehicles in Kentucky to obtain the benefits of Kentucky tort laws. However, Ford and Hertz did commit the intentional acts of placing the vehicle into Illinois's stream of commerce. Moreover, the design of the vehicle, which, in part, forms the basis of Plaintiff's theory of liability, was allegedly made in Michigan, further reducing Kentucky's interests in the litigation. Finally, the automobile was owned and maintained by Hertz in Illinois. In light of these stronger contacts with states other than Kentucky, its interest in preventing this type of conduct is no greater than Illinois's interest. A state has a very strong interest in proscribing conduct that takes place within its borders. *In re Air Crash Disaster Near Chicago, Illinois*, 644 F.2d 594, 615 (7th Cir. 1981).

*The Place the Conduct Causing the Injury Occurred*

Contrary to the fortuitous nature of the place of the injury, the Plaintiffs' choice to drive in Kentucky without allegedly wearing seatbelts was not as fortuitous. Kentucky has a strong interest in maintaining driver safety and this type of conduct; one way Kentucky chooses to enforce its seatbelt laws is by assessing comparative fault for a failure to wear a seatbelt. In addition, Kentucky incurred costs by allocating highway patrolmen and rescue personnel to the scene of the accident. Therefore, Kentucky's contact is of significant weight in evaluating the Restatement factors on this issue.

Plaintiffs argue that the Kentucky law should not apply because the alleged conduct, the failure to wear seatbelts, took place in Georgia. In fact, the Plaintiffs were allegedly sleeping when they entered Kentucky and never had a chance to comply with the law. However, the Plaintiffs engaged in this actionable conduct in Kentucky where they were injured and acting contrary to Kentucky law. Kentucky has a strong interest in enforcing its seatbelt laws.

*The Domicile, Residence, Nationality, Place of
Incorporation, and the Place of Business of the Parties*

As discussed above, the place of domicile is significant when addressing damages that apportion fault. Here, the Plaintiffs are all domiciles of Illinois. Defendant Ford is incorporated in Delaware, has its principal place of business in Michigan, and does business throughout the United States, including Illinois. Hertz is incorporated in Delaware, has its principal place of business in New Jersey, and does business throughout the United States, including Illinois.

*The Place Where the Relationship is Centered*

The renter of the Excursion, Larry Johnson Sr., obtained the vehicle from Hertz in Chicago. Ford shipped the car to Hertz in Oklahoma City, and then the vehicle was transferred to Illinois. Whatever weight to be afforded by this factor favors Illinois and the application of its law, particularly when considering issues of apportioning fault and the related issues of economic impact regarding compensation for the injuries.

*Section 6 Most Significant Relationship Policies*

It is also appropriate to consider Illinois and Kentucky contacts in light of the general policies discussed in Section 6 of the Second Restatement set out above. The relevant damages policy of the forum state, Illinois, outweighs those of any other interested states because the laws only seek to apportion the right of recovery and not assess fault. Kentucky has no material interest in apportioning fault for Illinois citizens and out-of-state corporations. The economic and social consequences of any recovery by the Plaintiffs will not impact Kentucky. As the Seventh Circuit stated, with respect to the interests domicile states have in apportioning compensatory damages:

> The legitimate interests of these states, after all, are limited to ensuring that the plaintiffs are adequately compensated for their injuries. . . . Those interests are fully served by applying the law of the plaintiffs' domiciles as to issues involving the measure of compensatory damages . . . and the distribution of any award. Once the plaintiffs are made whole by recovery of the full measure of compensatory damages to which they are entitled under the law of their domiciles, the interests of those states are satisfied."

*In re Air Crash Disaster Near Chicago*, 644 F.2d at 613.

However, the last sentence of that quotation makes clear that the domicile state has less interest in proscribing conduct that did not occur there. Rather, the state where the injury

8

occurred, Kentucky, has an interest in promoting safety on its roads. Therefore, Kentucky's comparative negligence rule regarding seatbelt usage is appropriate to apply for this Kentucky accident.

These policies are consistent with the justified expectations of the parties, the basic policies of the law, and the certainty and predictability of the law. The Plaintiffs cannot reasonably expect that a foreign state's law will govern the allocation of any possible damages award in a single-car incident merely because an accident fortuitously occurs outside of Illinois, but they know they are subject to the traffic laws of another state when driving in that state. The basic policies of tort law, which in part seek to proscribe certain conduct, are also furthered by this choice. Laws that apportion fault most directly affect the state where the parties are domiciled.

This choice of law is certain and predictable; parties can anticipate the fault-shifting laws by contract or otherwise provide for their consequences.

## CONCLUSION

Therefore, this Court orders that Kentucky law is applicable regarding the use of seatbelts; but Illinois law is applicable to determine the remaining issues in the case.

Dated: 10/8/03

JOHN W. DARRAH
United States District Judge

9