# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 8882 | DATE | 1/29/2004 |
| CASE TITLE | Johnson vs. Ford Motor Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, motion by defendant Hertz Corporation, Inc. to dismiss Count IV of plaintiffs' first amended complaint pursuant to Rule 12(B)(6) is denied [39-1]. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 30 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 48 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
JAN 3 0 2004

LANCELOT JOHNSON, )
ROBERT JOHNSON, )
and MARK WILLIAMS, )
)
     Plaintiffs, )
)   JAN 3 0 2004
v. )  No: 01 C 8882
)
FORD MOTOR COMPANY, INC. )  Judge John W. Darrah
and HERTZ CORPORATION, INC., )
)
     Defendants. )

## MEMORANDUM OPINION AND ORDER

The Plaintiffs, passengers in an accident involving a Ford Excursion, sued Defendants, Ford Motor Company, Inc. ("Ford") and Hertz Corporation, Inc. ("Hertz"), for injuries resulting from the accident. Presently before the Court is Hertz's Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint Pursuant to Rule 12(b)(6). For the foregoing reasons, that motion is denied.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rules of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears

48

beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The pertinent facts, for the purposes of this motion, are taken as true from Plaintiffs' Amended Complaint. Plaintiffs are all citizens of Illinois. Hertz is incorporated in Delaware and does business in Cook County, Illinois.

On August 20, 2000, Plaintiffs were passengers in a Ford Excursion that allegedly rolled over because of a defective right-rear tire valve-stem. After the accident, Hertz had the vehicle towed to the Hertz storage facility in Kentucky for storage and safekeeping. The only persons with day-to-day access to the vehicle were Hertz employees, agents, and servants. Access to the vehicle by outsiders, including experts, was allowed only after authorization by Hertz.

Shortly after Hertz took possession of the vehicle, Hertz employees were told that the vehicle was subject to an internal "legal hold" because of a pending legal action. Hertz was prohibited from altering, removing, or disposing of the vehicle, including the right-rear passenger- side tire, wheel, and valve-stem assembly.

In the early part of 2003, Hertz allowed its mechanic to install a new valve-stem assembly in the right-rear passenger side of the vehicle. Hertz did not seek court approval to make such an alteration nor did Hertz inform Plaintiffs of the alteration. Because of the alteration of the vehicle, Plaintiffs' tire experts' testimony regarding the precise condition of the valve-stem and its involvement in the accident will be substantially limited.

## ANALYSIS

Hertz asserts two bases for dismissing the negligent spoilation claim in its motion. First, Hertz contends that Kentucky law applies to the negligent spoilation claim and that Kentucky law does not recognize this tort. Secondly, Hertz argues that Plaintiffs knew about the negligent spoilation claim in April of 2003 and that Plaintiffs failed to amend their complaint in a timely manner.

*Choice of Law*

Kentucky law does not recognize a claim for negligent spoilation of evidence. *Monsanto Co. v. Reed*, 950 S.W.2d. 811, 815 (Ky. 1997). Previously, it was determined by this Court that, except for one limited issue, Illinois law will apply to this matter. *See Johnson v. Ford Motor Co.*, 2003 WL 22317425 (N.D. Ill. Oct. 9, 2003). However, as Plaintiffs concede, that ruling did not address Plaintiffs' later claim for negligent spoilation in the Amended Complaint.

In a diversity action, a district court applies the choice-of-law principles of the state where it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Ruiz v. Blentech Corp.*, 89 F.3d 320, 323 (7th Cir. 1996). Illinois is governed by the choice-of-law principles in the Restatement (Second) of Conflicts of Law ("Second Restatement"). *Ingersoll v. Klein*, 262 N.E.2d 593, 595 (Ill. 1970); *Accord Pittway Corp. v. Lockheed Aircraft Corp.*, 641 F.2d 524, 526 (7th Cir. 1981).

The Second Restatement provides that "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." Second Restatement § 145(1). The principles in Section 6 are:

3

> "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability, and uniformity of result, and (g) the ease in the determination and application of the law to be applied."

Second Restatement § 6.

Illinois choice of law, therefore, presumes that "the local law of the State where the injury occurred should determine the rights and liabilities of the parties, unless Illinois has a more significant relationship with the occurrence and with the parties, in which case the law of Illinois should apply." *Ingersoll*, 262 N.E.2d at 595. Section 145(2) lists the four key contacts that a court must consider when applying the principles outlined in Section 6: (a) the place where the injury occurred; (b) the place the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered. Second Restatement § 145.

For the purposes of this motion, it is undisputed that: (a) the injury occurred to Plaintiffs in Illinois, where the case is pending; (b) the conduct causing the injury occurred in Kentucky, where the vehicle was stored and allegedly altered; (c) Hertz is incorporated in Delaware, and Plaintiffs are residents of Illinois; and (d) the parties' relationship is centered in Illinois. It is also undisputed that Hertz's principal place of business is not in Kentucky.

Hertz cites *Vhora v. Michelin North America, Inc.*, 98 C 2657, 1999 U.S. Dist. LEXIS, at * 13-14 (N.D. Ill. Feb. 4, 1999) ("*Vhora*") in arguing that Kentucky law should be applied to the negligent spoilation claim. The *Vhora* court held that a negligent spoilation claim, based on the destruction of documentary evidence pursuant to a corporation's internal codes of conduct

4

regarding document retention policies, should be evaluated under the laws of the state where the conduct occurred. This decision was based on two factors. First, the injury was pecuniary in nature; thus, the place of the injury was given less weight than in an ordinary tort action. Secondly, the corporation was "domiciled" in the state where the conduct occurred; and that state had "a significant interest in regulating the conduct of its corporate domiciliaries." *Vhora*, 1999 U.S. Dist. LEXIS 1246, at *11, 14.

Here, the alleged injury involves the destruction of evidence potentially favorable to a tort victim. Also, Kentucky does not have a significant interest in regulating the conduct of Hertz. Hertz is not domiciled or incorporated in Kentucky nor does Hertz have its principal place of business in Kentucky. Moreover, there is no showing that Hertz's "corporate codes of conduct" are applicable to the claim at issue. *See Vhora*, 1999 U.S. Dist. LEXIS 1246, at *13-14. Accordingly, the place where the conduct occurred, Kentucky, is given little weight.

In contrast, Illinois's contacts with the negligent spoilation claim are strong. Illinois has a significant interest in regulating the conduct of litigants using Illinois courts. Plaintiffs, who are Illinois citizens, will be injured in Illinois if they are unable to fully examine and present evidence concerning the valve-stem at issue. The parties' relationship is also centered in Illinois.

It is also appropriate to consider Illinois and Kentucky contacts in light of the general policies discussed in Section 6 of the Second Restatement set out above. The policy behind a negligent spoilation claim in Illinois is to prevent the loss of evidence relevant to a litigant's claim. Kentucky has no significant interest, if any, in regulating evidence which may be admissible in a foreign state trial.

Moreover, these policies are consistent with the justified expectations of the parties, the basic policies of the law, and the certainty and predictability of the law. Parties would naturally expect that the forum state's law would apply to issues concerning the loss of evidence. The basic policy against a negligent spoilation claim seeks to proscribe conduct that would alter or destroy evidence, no matter where the conduct occurred. Laws that prohibit the spoilation of evidence most directly affect the state where the issue is being litigated. This policy is served by applying the law of the forum state, Illinois. Finally, this choice of law is certain and predictable; parties are required to follow the forum state's law regarding evidentiary matters.

Therefore, Illinois law will be applied to Plaintiffs' negligent spoilation claim. Hertz's Motion to Dismiss the negligent spoilation claim based on the application of Kentucky law is denied.

*Amending the Pleadings*

Hertz contends that Plaintiffs failed to amend their pleadings in a timely fashion. A party may amend its pleading by obtaining leave of the court, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Parties are permitted to amend their pleadings to assert new claims or defenses found only after the completion of discovery, as long as the new matters are promptly raised. *See, e.g., Venters v. City of Delphi*, 123 F.3d 956, 967-68 (7th Cir. 1997).

Here, Plaintiffs were permitted to amend their pleadings on October 1, 2003. Hertz argues that Plaintiffs knew about the negligent spoilation claim, which was added in the Amended Complaint, in March or April of 2003. However, Hertz provides no evidence that Plaintiffs knew of this claim in March or April of 2003.

6

Plaintiffs assert and provide evidence in support that they did not discover any information about the missing valve-stem until May of 2003. Plaintiffs then conducted discovery and took depositions of Hertz employees on the specific issue of what happened to the valve-stem. Plaintiffs also then learned from their experts the extent to which the investigation was impaired by Hertz's alleged alteration of the valve-stem. This discovery was not completed until late August of 2003. Based on this record, Plaintiffs' motion to amend its complaint to add a negligent spoilation claim was timely.

## CONCLUSION

For the foregoing reasons, Hertz's Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint Pursuant to Rule 12(b)(6) is denied.

Dated: January 29, 2004

JOHN W. DARRAH
United States District Judge